UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 10-22997 |
| GREGORY P. OBRIZZO, | CHAPTER 7 |
| DEBTOR | RE: ECF NO. 54 |

**BRIEF MEMORANDUM AND ORDER SUSTAINING OBJECTION
TO TRUSTEE'S PROPOSED SALE OF PROPERTY**

**I. BACKGROUND**

Gregory P. Obrizzo (hereafter, the "Debtor") commenced the captioned bankruptcy case by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 31, 2010 (hereafter, the "Petition Date"). Thomas C. Boscarino, Esq. was duly appointed as the Chapter 7 Trustee (hereafter, the "Trustee"). The Debtor received a discharge on February 23, 2011.

The Debtor is the operator of an auto body shop, GPO Auto, LLC (hereafter, "GPO") and holds a 100% ownership interest therein. The Debtor and his non-debtor spouse (hereafter, the "Spouse") have personally guaranteed GPO's indebtedness to Collinsville Savings Bank (hereafter, the "Bank"), and the Debtor, in his Schedule[1] F ("Creditors Holding Unsecured Nonpriority Claims"), listed the outstanding balance thereon as $53,491.66 on the Petition Date. The Spouse, owner of the family home, also gave the Bank a third mortgage on the home as security for the GPO debt. In Schedule B

---

[1] As used herein, "Schedules" refer to the those in ECF No. 4, as subsequently amended by ECF No. 15, Amended Schedule F (unsecured nonpriority claims) and ECF No. 18, Amended Schedules B (personal property) and C (property claimed as exempt). None of the amendments affect the entries relevant to the pending matter.

("Personal Property"), the Debtor valued his ownership interest in GPO at $1,000 as of the Petition Date; and, in Schedule C ("Property Claimed as Exempt"), claimed a $1,000 exemption therein under §522(d)(5) (the federal "wildcard" exemption provision).

In the year that elapsed since the Petition Date, the Debtor has continued to operate GPO. A-Z Sound Systems, LLC (hereafter, "A-Z"), a creditor of the Debtor, offered to purchase the estate's ownership interest in GPO for the sum of $5,000. The Trustee filed a *Notice of Trustee's Intention to Sell at Private Sale*, ECF No. 54. The Debtor filed an Objection thereto, ECF No. 56, on the grounds that the estate has no interest in GPO to sell and that A-Z's offer was made for the purpose of harassing the Debtor and depriving him of his sole source of income.

## II. DISCUSSION

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate*. . . ." 11 U.S.C. §363(b)(1) (emphasis added). The initial, and in this matter determinative, question, is whether the ownership interest in GPO that the Trustee seeks to sell is presently property of the estate.

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, see 11 U.S.C. §541, subject to the debtor's right to reclaim certain property as 'exempt,' §522(l). . . . Property a debtor claims as exempt will be excluded from the bankruptcy estate 'unless a party in interest' objects. §522(l)." *Schwab v. Reilly*, 130 S.Ct. 2652, 2657 (2010).

> [Subject to certain exceptions not applicable hereto] property acquired post-petition by the debtor does not enter the estate; it remains the separate property of the debtor.

2

> * * * *
> Such after-acquired property includes property that exits the estate and revests in the debtor through the exemption process. As already noted, the Code provides that "unless a party in interest objects [to the debtor's claim], the property claimed as exempt . . . *is exempt.*" 11 U.S.C. § 522(*l* ) (emphasis added). It is well-settled law that the effect of this self-executing exemption is to remove property from the estate and to vest it in the debtor. *See Owen v. Owen,* 500 U.S. 305, 308, 114 L.Ed.2d 350, 111 S.Ct. 1833, (1991) (when property becomes exempt, it is "withdrawn from the estate (and hence from the creditors) for the benefit of the debtor"). . . .

*In re Bell*, 225 F.3d 203, 215 (2d Cir. 2000)(emphasis added).

> However, if an interest in an asset is exempted from the estate but not the entire asset, such as a vehicle which the trustee may sell for the benefit of creditors, "title to the asset will remain with the estate pursuant to [11 U.S.C.] § 541, and the debtor will be guaranteed a payment in the dollar amount of the exemption." *Schwab v. Reilly*, 130 S.Ct. at 2667.

*In re Bucchino,* 439 B.R. 761, 770 n.16 (Bankr. D.N.M. 2010).

Where, as here, the Debtor has claimed an exemption in the property to be sold, the Trustee, in order to establish that the property at issue remains property of the estate, bears the burden of proving, by a preponderance of the evidence, that the Debtor's interest in the property at issue had a value, as of the Petition Date, in excess of the amount exempted.[2]

Sections 541 and 522 provide that, for a property interest that arose prepetition, the Petition Date is the appropriate point in time for its valuation. 11 U.S.C. §541(a)(1) (property of the estate includes "all legal or equitable interests of the debtor in property *as of the commencement of the case.*"), 11 U.S.C. §522(a)(2) (for purposes of §522, "value" is defined as "fair market value as of the date of the filing of the petition); *see also, Collier*

---

[2] In *Schwab*, the Trustee provided an appraisal, done shortly after the petition date, valuing the property at issue therein at $17,200, considerably in excess of the $10,718 valuation and exemption claimed by the debtor. *Schwab v. Reilly*, 130 S.Ct. at 2658.

3

on Bankruptcy, ¶522.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) ("[T]he fact that the value of the property that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of property that the debtor may exempt.").

The Debtor, in his Schedule B, valued his ownership interest in GPO, as of the Petition Date, at $1,000, a value not inconsistent with amounts elsewhere in the Schedules, Statement of Financial Affairs, and Means Test, all of which were signed by the Debtor under oath. The Debtor claimed as exempt, under §522(d)(5), his ownership interest in GPO up to a value of $1,000, an amount within the statutory limit. Unless the value of such ownership interest, as of the Petition Date, exceeded the Debtor's $1,000 exemption, the entire interest passed to the Debtor when the time period under Fed. R. Bankr. P. 4003 expired without objection as to the description of the property, the statutory basis for the claimed exemption, or the amount claimed as exempt. *In re Bell*, 225 F.3d at 218.

While the Rule 4003 time limitation does not bar the Trustee from subsequently proving that the property at issue had a value, as of the Petition Date, in excess of the value claimed as exempt, in which case the estate would retain an interest in such property to the extent of the excess. *Schwab v. Reilly*, 130 S.Ct. at 2669. Here, the Trustee provided no evidence as to the value of GPO as of the Petition Date, and, therefore, has not met his burden of proof that, as of the Petition Date, the value of GPO exceeded the Debtor's exemption.

### III. CONCLUSION

The Court finds that the value of the Debtor's ownership interest in GPO as of the

Petition Date was no greater than the amount of his claimed exemption therein; and that, because such interest was removed from the bankruptcy estate and revested in the Debtor, it is no longer property of the estate. Accordingly, the Trustee lacks the authority to sell the property. In light of the above,

**IT IS HEREBY ORDERED** that the Debtor's Objection, ECF No. 56, to the Trustee's *Notice of . . .Intention to Sell. . .*, ECF No. 54, is **SUSTAINED**.

Dated: September 14, 2011                                       BY THE COURT

*[signature]*
Albert S. Dabrowski
United States Bankruptcy Judge